# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-00240-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

        Plaintiff,

v.

OSM MEDIA, LLC, a Delaware limited-liability company;
NINA YABLOK, an individual; and
BRYAN PRESTON, an individual,

        Defendants.

---

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

---

Righthaven LLC ("Righthaven") hereby files its First Amended Complaint as a matter of right, pursuant to rule 15(a)(1)(B) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and complains as follows against OSM Media, LLC ("OSM"), Nina Yablok ("Ms. Yablok"), and Bryan Preston ("Mr. Preston"; collectively with OSM and Ms. Yablok known herein as the "Defendants"), on information and belief, and at all times relevant to this lawsuit, unless otherwise specifically indicated herein to the contrary:

## NATURE OF ACTION

1.     This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2.     Righthaven is a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is in good standing with the Nevada Secretary of State.

4. OSM is a Delaware limited-liability company.

5. OSM is the owner of the service mark: "PAJAMASMEDIA".

6. OSM is doing business as PAJAMASMEDIA.

7. OSM is identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant of the Internet domain found at <pajamasmedia.com> (the "Domain").

8. OSM is identified by GoDaddy as an administrative and technical contact of the Domain (the content accessible through the Domain and the Domain itself is known herein as the "Website").

9. Ms. Yablok is identified by GoDaddy as an administrative and technical contact of the Domain.

10. OSM is the owner of the Website.

11. OSM is the self-proclaimed owner of the copyright(s) in the work(s) displayed on the Website, as evidenced by a copyright notice on the Website: "Copyright © 2005-2011 Pajamas Media All Rights Reserved."

12. Mr. Preston is identified on the Website, as an employee of OSM, attached hereto as Exhibit 1.

13. Mr. Preston reproduced an unauthorized copy of the Righthaven-owned photograph entitled: "TSA Agent performs enhanced pat-downs" (the "Work"), attached hereto as Exhibit 2, and displayed said unauthorized copy (the "Infringement"), attached hereto as Exhibit 3, on the Website.

## JURISDICTION

14. This Court has jurisdiction over the subject matter and the parties under the copyright laws of the United States, 17 U.S.C. § 101 et seq., as well as jurisdictional provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

15. Righthaven is the owner of the copyright in and to the Work.

16. On or about November 19, 2010, the Defendants willfully infringed upon Righthaven's copyright, by reproducing the Work on an unauthorized basis, from a source emanating from Colorado.

17. On or about November 19, 2010, the Defendants displayed, and continued to display, the Infringement on the Website.

18. The composition, at least in part, of the Work and the Infringement, is a Transportation Security Administration Agent performing an enhanced pat-down search in the Denver, Colorado airport.

19. The focal point of the Infringement is Denver, Colorado.

20. The only geographic location that is associated with, and related to, the Work is Denver, Colorado.

21. The Work was originally published in *The Denver Post*.

22. The Defendants knew that the Work was originally published in *The Denver Post*.

23. The Defendants knew that the Work originally emanated from Colorado.

24. The Infringement, as publically displayed on the Website, was and is accessible to persons in Colorado.

25. The Infringement occurred and continues to occur in Colorado.

26. The Defendants' display of the Infringement was and is purposefully directed at Colorado residents.

27. The harm caused by the Infringement, was experienced, at least in part, in Colorado.

## VENUE

28. The United States District Court for the District of Colorado is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because the Defendants are subject to personal jurisdiction in Colorado.

29. The United States District Court for the District of Colorado is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Colorado.

## FACTS

30. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(5).

31. Righthaven is the owner of the copyright in and to the Work.

32. The Work was originally published on or about November 18, 2010.

33. On December 8, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number VA0001751279 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

34. On or about November 19, 2010, the Defendants displayed, and continued to display, the Infringement on the Website.

35. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

36. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

37. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 36 above.

38. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

39. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

40. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

41. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

42. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

43. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

44. The Defendants distributed, and continued to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

45. The Defendants publicly displayed, and continued to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

46. OSM has willfully engaged in the copyright infringement of the Work.

47. Ms. Yablok has willfully engaged in the copyright infringement of the Work.

48. Mr. Preston has willfully engaged in the copyright infringement of the Work.

49. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

50. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

   c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Order the surrender to Righthaven of all hardware, software, electronic media and domains, including the Domain, used to store, disseminate and display the unauthorized versions of any and all copyrighted works as provided for under 17 U.S.C. § 505(b) and/or as authorized by Federal Rule of Civil Procedure 64;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this 13th day of April, 2011.

By: /s/ Steven G. Ganim
STEVEN G. GANIM, ESQ.
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5900
Fax: (702) 527-5909
sganim@righthaven.com

SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com

*Attorneys for Plaintiff Righthaven LLC*