IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00240-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

    Plaintiff,

v.

OSM MEDIA, LLC, a Delaware limited liability company; NINA YABLOK, an individual, and BRYAN PRESTON, an individual,

    Defendants.

---

## ANSWER OF DEFENDANT NINA YABLOK

---

Defendant, Nina Yablok ("Ms. Yablok"), submits her answer to plaintiff's First Amended Complaint. Ms. Yablok responds on her own behalf and not on behalf of any other party.

### RESPONSE TO NATURE OF ACTION

1.    Ms. Yablok admits that this civil action purports to be an action for copyright infringement as alleged in paragraph 1 of the First Amended Complaint.

### RESPONSE TO PARTIES

2.    Ms. Yablok denies for lack of knowledge or information sufficient to form a belief as to the truth thereof the allegations in paragraph 2 of the First Amended Complaint.

3.    Ms. Yablok denies for lack of knowledge or information sufficient to form a belief as to the truth thereof the allegations in paragraph 3 of the First Amended Complaint.

4. Ms. Yablok admits the allegations in paragraph 4 of plaintiff's First Amended Complaint.

5. Ms. Yablok admits the allegations in paragraph 5 of plaintiff's First Amended Complaint.

6. Ms. Yablok admits the allegations in paragraph 6 of plaintiff's First Amended Complaint.

7. Ms. Yablok admits the allegations in paragraph 7 of plaintiff's First Amended Complaint.

8. Ms. Yablok denies the allegations of paragraph 8 of plaintiff's First Amended Complaint which precede the parenthetical.

9. Ms. Yablok admits the allegations in paragraph 9 of plaintiff's First Amended Complaint.

10. As a result of the breadth of the definition of "Website" set forth in the parenthetical in paragraph 8 of the First Amended Complaint, Ms. Yablok denies that OSM is the owner of all content accessible through the Domain as alleged in paragraph 10 of the First Amended Complaint.

11. Ms. Yablok admits that the Website includes a copyright notice as alleged in paragraph 11 of the First Amended Complaint. Ms. Yablok denies the conclusory allegation in paragraph 11 of the First Amended Complaint relating to the meaning of that copyright notice.

12. Ms. Yablok admits that Mr. Preston is an employee of OSM Media, LLC.

13. Ms. Yablok admits that Exhibit 3 appears to be a copy of a page that was at one time accessible through www.pajamasmedia.com. Ms. Yablok denies the remaining allegations in paragraph 13 of the First Amended Complaint.

## RESPONSE TO JURISDICTION

14. Ms. Yablok denies that the United States District Court for the District of Colorado has jurisdiction over her. Whether this Court has jurisdiction over the subject matter of this civil action is a legal conclusion to which no response is required from Ms. Yablok.

15. Ms. Yablok denies for lack of knowledge or information sufficient to form a belief as to the truth thereof the allegations in paragraph 15 of the First Amended Complaint.

16. Ms. Yablok denies the allegations in paragraph 16 of the First Amended Complaint.

17. Ms. Yablok denies the allegations in paragraph 17 of the First Amended Complaint.

18. Ms. Yablok denies the allegations in paragraph 18 of the First Amended Complaint to the extent that it does not accurately describe the photograph at issue.

19. Ms. Yablok denies for the allegations in paragraph 19 of the First Amended Complaint.

20. Ms. Yablok denies for lack of knowledge or information sufficient to form a belief as to the truth thereof the allegations in paragraph 20 of the First Amended Complaint.

21. Ms. Yablok denies for lack of knowledge or information sufficient to form a belief as to the truth thereof the allegations in paragraph 21 of the First Amended Complaint.

22. Ms. Yablok denies for lack of knowledge or information sufficient to form a belief as to the truth thereof the allegations in paragraph 22 of the First Amended Complaint.

23. Ms. Yablok denies the allegations in paragraph 23 of the First Amended Complaint.

24. Ms. Yablok denies the allegations in paragraph 24 of the First Amended Complaint.

25. Ms. Yablok denies the allegations in paragraph 25 of the First Amended Complaint.

26. Ms. Yablok denies the allegations in paragraph 26 of the First Amended Complaint.

27. Ms. Yablok denies the allegations in paragraph 27 of the First Amended Complaint.

## RESPONSE TO VENUE

28. Ms. Yablok denies the allegations in paragraph 28 of the First Amended Complaint. Ms. Yablok denies that the United States District Court for the District of Colorado has jurisdiction over her.

29. Ms. Yablok denies the allegations in paragraph 29 of the First Amended Complaint.

## RESPONSE TO FACTS

30. The allegations in paragraph 30 of the First Amended Complaint states a legal conclusion to which no response is required.

31.     Ms. Yablok denies for lack of knowledge or information sufficient to form a belief as to the truth thereof the allegations in paragraph 31 of the First Amended Complaint.

32.     Ms. Yablok denies for lack of knowledge or information sufficient to form a belief as to the truth thereof the allegations in paragraph 32 of the First Amended Complaint.

33.     Ms. Yablok denies for lack of knowledge or information sufficient to form a belief as to the truth thereof the allegations in paragraph 33 of the First Amended Complaint.

34.     Ms. Yablok denies the allegations in paragraph 34 of the First Amended Complaint.

35.     Ms. Yablok denies the allegations in paragraph 35 of the First Amended Complaint. The allegations are premised on the false assertion that Ms. Yablok had any connection to the display or publication of the "Work." .

36.     Ms. Yablok denies the allegations in paragraph 36 of the First Amended Complaint. The allegations are premised on the false assertion that Ms. Yablok had any connection to the display or publication of the "Work." .

### RESPONSE TO CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

37.     Ms. Yablok incorporates by reference its responses to paragraphs 1 through 36 of the First Amended Complaint as if fully rewritten herein.

38.     Ms. Yablok denies for lack of knowledge or information sufficient to form a belief as to the truth thereof the allegations in paragraph 38 of the First Amended Complaint.

39.     Ms. Yablok denies for lack of knowledge or information sufficient to form a belief as to the truth thereof the allegations in paragraph 39 of the First Amended Complaint.

40. Ms. Yablok denies for lack of knowledge or information sufficient to form a belief as to the truth thereof the allegations in paragraph 40 of the First Amended Complaint.

41. Ms. Yablok denies for lack of knowledge or information sufficient to form a belief as to the truth thereof the allegations in paragraph 41 of the First Amended Complaint.

42. Ms. Yablok denies the allegations of paragraph 42 of plaintiff's First Amended Complaint.

43. Ms. Yablok denies the allegations of paragraph 43 of plaintiff's First Amended Complaint.

44. Ms. Yablok denies the allegations of paragraph 44 of plaintiff's First Amended Complaint.

45. Ms. Yablok denies the allegations of paragraph 45 of plaintiff's First Amended Complaint.

46. The allegations in paragraph 46 of the First Amended Complaint are not directed against Ms. Yablok and thus no response is required.

47. Ms. Yablok denies the allegations in paragraph 47 of the First Amended Complaint.

48. The allegations in paragraph 48 of the First Amended Complaint are not directed against Ms. Yablok and thus no response is required.

49. Ms. Yablok denies the allegations in paragraph 49 of plaintiff's First Amended Complaint.

50. Ms. Yablok denies the allegations in paragraph 50 of plaintiff's First Amended

Complaint.

51. Ms. Yablok denies all allegations not expressly and specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint fails to state a claim against Ms. Yablok upon which relief can be granted.

2. Plaintiff's First Amended Complaint should be dismissed against Ms. Yablok for lack of personal jurisdiction.

3. Plaintiff's First Amended Complaint should be dismissed against Ms. Yablok for improper venue

4. Ms. Yablok has not infringed and does not infringe any copyright owned by plaintiff.

5. Ms. Yablok has no liability or responsibility for the display and publication of the photograph merely because she has been designated as an administrative and technical contact of the Domain.

6. To the extent that Ms. Yablok could in any way be responsible or liable for the display or publication of the photograph merely because she has been designated as an administrative and technical contact of the Domain, Plaintiffs claims are barred by the doctrine of fair use; including but not limited to the fair use provisions of 17 U.S.C. ¶ 107.

7. *The Denver Post* and not plaintiff is the real party in interest.

8. Plaintiff lacks standing to assert claims, including without limitation claims that allegedly arose prior to the purported assignment from *The Denver Post*.

9. To the extent that Ms. Yablok could in any way be responsible or liable for the

display or publication of the photograph merely because she has been designated as an administrative and technical contact of the Domain, Plaintiff is estopped to assert its claims by the conduct of *The Denver Post*.

10. Plaintiff's unclean hands bars it from seeking equitable relief.

11. Plaintiff's failure to provide any notice of an alleged infringement prior to commencing this civil action bars it from seeking equitable relief.

12. Plaintiff's claim for relief for surrender of OSM's assets fails as a matter of law.

13. To the extent that Ms. Yablok could in any way be responsible or liable for the display or publication of the photograph merely because she has been designated as an administrative and technical contact of the Domain, Plaintiff's copyright infringement claim is barred by the First Amendment of the United States Constitution.

14. To the extent that Ms. Yablok could in any way be responsible or liable for the display or publication of the photograph merely because she has been designated as an administrative and technical contact of the Domain, any alleged activities of OSM Media, LLC or Mr. Preston relating to the photograph at issue was authorized by license or implied license.

15. To the extent that Ms. Yablok could in any way be responsible or liable for the display or publication of the photograph merely because she has been designated as an administrative and technical contact of the Domain, Plaintiff is not entitled to statutory damages, attorneys fees, pre-judgment or post-judgment interest.

16. Plaintiff's claim against Ms. Yablok is without substantial justification, vindictive, vexatious, retaliatory and an abuse of process.

WHEREFORE, defendant Nina Yablok requests that plaintiff's First Amended Complaint against her should be dismissed with prejudice, that judgment be entered declaring that Ms. Yablok has not engaged in any infringing activity, that Ms. Yablok should be awarded her attorneys fees and costs pursuant to applicable law, including without limitation 17 U.S.C. § 505, 28 U.S.C. § 1927 and Fed.R.Civ.P. 11, and that the Court enter such other and further relief as the Court deems just and proper.

DATED: May 12, 2011               BAKER & HOSTETLER LLP

*/s Marc D. Flink*
Marc D. Flink, #12793
Raj Chohan, #42845
303 E. 17th Avenue, Suite 1100
Denver, Colorado 80203
Tel.: (303) 861-0600
Fax: (303) 861-7805
E-mail: mflink@bakerlaw.com
E-mail: rchohan@bakerlaw.com

Attorneys for Defendant
Nina Yablok

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2011, the foregoing ANSWER OF DEFENDANT NINA YABLOK was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons:

Steven G. Ganim, Esq.
Shawn A. Mangano, Esq.
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701

*s/ Marc D. Flink*